**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JUAN GUADALUPE PEREZ-GONZALEZ,

      Petitioner,

v.                                      No. 1:26-cv-01406-MLG-LF

DAVID VENTRUELLA, Acting Director,
Immigration and Customs Enforcement,
U.S. Department of Homeland Security; et al.,

      Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING PETITIONER'S IMMEDIATE RELEASE**

Petitioner Juan Guadalupe Perez-Gonzalez is a Mexican citizen who entered the United States without inspection in 2009 at the age of fourteen years old. Doc. 1 at 2 ¶¶ 1-2; Doc. 6 at 1. Perez-Gonzalez has built a life in the United States since his entry. He resides with his wife and cares for his U.S. citizen daughter, who has been diagnosed with Autism and developmental delay. Doc. 1 at 11 ¶¶ 44, 45. On April 6, 2026, Perez-Gonzalez was arrested by Immigration and Customs Enforcement ("ICE") while working at a construction site. *Id.* at ¶ 46. He was charged as inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and served with a Notice to Appear ("NTA") for immigration proceedings. Doc. 6 at 2; Doc. 6-1 at 1. Perez-Gonzalez has no criminal history. Doc. 1 at 11 ¶ 47. He is being detained pursuant to 8 U.S.C. § 1225(b)(2)(a) pending completion of his removal proceedings. Doc. 6 at 2.

Perez-Gonzalez files this Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, Doc. 1, challenging the lawfulness of his detention at Otero Processing Center. Perez-Gonzalez claims his continued detention violates the Immigration and

Nationality Act ("INA") because 8 U.S.C. § 1225(b)(2) does not apply to him as he has lived in the United States for many years and therefore cannot be an "'arriving alien' nor a citizen who is now seeking admission[.]" *Id.* at 13 ¶¶ 60-61. He argues § 1226(a) governs his detention. *Id.* at ¶ 51. Perez-Gonzalez further asserts his continued detention violates the Fifth Amendment Due Process Clause. *Id.* at 13 ¶¶ 62-72. He seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to immediately release him or conduct a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* at 16. On May 18, 2026, Respondents filed a Response to the Petition. Doc. 6.

The dispositive question presented by the Petition is whether Perez-Gonzalez's detention, as a noncitizen[1] who is already residing in the United States, is discretionary pursuant to § 1226(a) or mandatory as provided for by § 1225(b)(2)(A).[2] The applicable statutory scheme dictates whether Perez-Gonzalez was entitled to an individualized bond hearing following his arrest by federal immigration authorities.

The Court has been presented with this same issue—as applied to similarly situated defendants—time and time again. And, as in those cases, the Court hereby finds § 1226(a) applies. *See Cortez-Gonzales v. Noem*, 811 F. Supp. 3d 1287, 1295-98 (D.N.M. 2025); *Diaz-Cruz v. Dedos*,

---

[1] This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

[2] *Compare* § 1226(a)(2) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." (emphasis added)), *with* § 1225(b)(2)(A) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a . . . ." (emphasis added)).

No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). This accords with binding Tenth Circuit precedent. *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *16 (10th Cir. June 30, 2026) ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693. Given that § 1226(a) is controlling, Perez-Gonzalez is entitled—as a right—to the due process provided to him under that statute: an individualized bond hearing. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298; *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025). Perez-Gonzalez's continued detention without such review constitutes an ongoing violation of his right to due process. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298.

Federal courts are authorized to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief. *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012) (internal quotation marks omitted) (citing 28 U.S.C. § 2243); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ [of habeas corpus] is to secure release from illegal custody"); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the

3

requirement of justice" (internal quotation marks omitted) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)); *Santillan Quiroz*, 2026 WL 1876709, at \*17 n.13 (recognizing the district court's authority to remedy a § 1226(a) violation by providing a bond order or through immediate release). Perez-Gonzalez has been deprived of liberty since April 2026 due to Respondents' violation of § 1226(a). The Court "acknowledges that release—whether immediate or otherwise on a bond hearing—may 'be a distinction without a difference.'" *Aguilar-Rodriguez v. Ladwig*, No. 2:26-cv-02168-TLP-tmp, 2026 WL 1266251, at \*8 (W.D. Tenn. May 8, 2026) (citation modified) (quoting *Hernandez v. Ladwig*, No. 2:26-cv-02081-SHL-atc, 2026 WL 324020, at \*9 (W.D. Tenn. Feb. 6, 2026)). "After all, the Government may at any time detain an illegally present noncitizen under § 1226(a), subject to a bond hearing, and thus it is not necessary for this Court to order one." *Hernandez*, 2026 WL 324020, at \*9; *see also* § 1226(a). Given the ongoing violation of Perez-Gonzalez's due process rights, the remedy that justice requires in this matter is immediate release. *See Hernandez,* 2026 WL 324020, at \*9. Immediate release will address the lack of due process afforded to Perez-Gonzalez and restore him to the status quo prior to the violation of his Fifth Amendment rights. *See id.* at \*8; *see also Sosa v. De Azbarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at \*3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than remanding for a bond hearing).

Accordingly, the Court grants Perez-Gonzalez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C, § 2241. Doc. 1. Respondents shall release Perez-Gonzalez—and notify his counsel of such release—immediately. He shall be released with all identification documentation that he possessed on his person when detained by Respondents in April 2026, along with a copy of this Order.

4

If Respondents re-detain Perez-Gonzalez, they must provide him with a bond hearing before a neutral IJ pursuant to § 1226(a). Respondents are enjoined from pursuing Perez-Gonzalez's detention under 8 U.S.C. § 1225(b)(2)(A).

Respondents shall file a status report within three (3) days of this Order to certify compliance. The status report shall provide the date and location in which Perez-Gonzalez was released from custody.[3]

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[3] The Court will enter a final judgment upon receipt of the status report.